# Norman *v.* Bullock County Bank.

*Assumpsit.*

Decided May 21, 1914. 65 South. 371.)

1. *Mortgages; Sale; Complaint.*—Where the action was for the purchase price of a note and mortgage, alleged to have been sold by plaintiff to defendant, the complaint need not show that plaintiff had any interest in the note; plaintiff's lack of such interest being a matter for special plea in defense.

2. *Same; Measure of Damages.*—Where the action was for the purchase price of a note and mortgage which plaintiff had agreed to sell to defendant, but title to which plaintiff retained pending the payment of the purchase price, plaintiff is not entitled to recover the agreed purchase price, but only the damages it has sustained by defendant's failure to purchase and pay, which damages may be only nominal.

3. *Same; Consideration.*—An agreement by the assignor of a note and mortgage to transfer them to the assignee when the purchase price is paid, is a sufficient consideration to support the promise of the assignee to pay the purchase price.

4. *Same.*—The evidence examined and held sufficient to take to the jury the question of the making of the contract for the sale of the note and mortgage and promise by the other party to pay the purchase price.

5. *Same; Instructions.*—Charges requested by defendant based upon the theory that plaintiff was suing on a promise of defendant to pay the debt of the maker of the note and mortgage were properly refused, the action being for the price of the note and mortgage alleged to have been sold by plaintiff to defendant.

6. *Same; Measure of Damages.*—Where one count of the complaint relied upon an executory agreement for the sale of the note and mortgage, and another count relied upon the same sale which was alleged to have been executed except as to the payment of the purchase price, a charge that plaintiff was entitled to recover the agreed price, was error as applicable to the 1st count, notwithstanding it was correct under the other counts.

7. *Frauds; Statute of; Debts of Another.*—An agreement to pay a sum certain in consideration of the assignment of a note and mortgage is not a promise to answer for the debt, default or miscarriage of the maker of such note and mortgage, within the meaning of the statute of frauds.

APPEAL from Bullock Circuit Court.

Heard before Hon. M. SOLLIE.

Assumpsit by the Bullock County Bank against J. D. Norman. Judgment for plaintiff and defendant appeals. Reversed and remanded.

G. L. COMER, and J. D. NORMAN, for appellant. The demurrers ought to have been sustained to the amended or substituted counts of the complaint from 2 to 6 inclusive.—*Daniels v. Carney,* 148 Ala. 84; *Newton v. Brooks,* 134 Ala. 272; *Jones v. Powell,* 15 Ala. 824. The measure of damages as fixed by the oral charge of the court was improper.—*Loeb v. Stern,* 62 N. E. 1043; *Murrell v. Whiting* 32 Ala. 66; 13 Cyc. 72. The general charge requested by defendant should have been given. —*Hester v. Wesson,* 6 Ala. 415; *Beale v. Ridgeway,* 18 Ala. 117; *Rutledge v. Townsend,* 38 Ala. 712; *Watson v.*

*Reynolds*, 54 Ala. 191; *Underwood v. Lovelace*, 61 Ala. 155; *Smith Bros. v. Miller*, 152 Ala. 485. The court should have given the other charges requested by defendant.—Authorities, supra.

E. L. BLUE, for appellee. No brief reached the Reporter.

MAYFIELD, J.—Appellee sued appellant in assumpsit. The amended complaint on which the trial was had contained six counts. The first count was one of the common counts, for an account stated. The second was for the purchase price of a note and mortgage executed by one Dow Johnson, to plaintiff, to secure the payment of $446 and advances, etc. The third count was like the second, but was fuller, setting out more in detail the same contract of sale, and the breach thereof. It being typical of all the other counts, except count 1, we here set out count three in full:

"Third. The plaintiff claims of the defendant the sum of $5,000 as damages, as whereas, heretofore, the plaintiff held a note and mortgage executed by Dow Johnson on, to wit, February 2, 1909, and payable to the plaintiff on, to wit, October 1, 1909, upon certain property incorporated therein, including two mules, one wagon, and about 60 bushels of corn, there being then due from the said Dow Johnson, under and by virtue of said note and mortgage aforesaid, to the plaintiff a large sum of money to wit, the sum of $446, and the said defendant then and there agreed on, to wit, December 15, 1909, with the plaintiff, or its duly authorized agent or officer, if the said plaintiff would permit the said Dow Johnson to move on defendant's plantation and carry with him the said property covered by plaintiff's mortgage that defendant would pay it the said sum

of $290 in, to wit, the fall of 1910, and plaintiff avers that under and by virtue of said agreement, the said Dow Johnson did move on to the defendant's planta- tion, and did carry said property with him on defend- ant's place; that said agreement was carried out by it in full, but that the defendant has, upon demand by the plaintiff, failed and refused to comply with his agree- ment, and to pay the plaintiff the said sum of $290 and interest, wherefore this suit."

The defendant demurred to the complaint, assigning a great number of grounds. The demurrer was over- ruled, and the defendant pleaded the general issue, the statute of frauds, and no consideration. The trial re- sulted in favor of the plaintiff. The defendant then moved for a new trial, which motion, being heard and argued, was overruled. The defendant appeals, and assigns various errors as to rulings on pleadings, as to charges of the court, and as to the overruling of the motion for a new trial.

The first errors assigned go to the overruling of the demurrer to each count of the complaint except the first. The grounds of the demurrer to the second count are to the effect that the count failed to show that the note in question was executed to plaintiff, or that plain- tiff had any interest therein. This was matter for spe- cial plea in defense, if the plaintiff did not own the note and mortgage.

The grounds of the demurrer to the third count were that the count failed to show who executed the note and mortgage, or to whom they were executed, and failed to allege that the amount due was secured by said mort- gage on the personal property, and failed to show that defendant promised to pay the sum of $290, and failed to show a consideration for the alleged promise. There was nothing in any of these grounds. Most of them were speaking demurrers.

[Norman v. Bullock County Bank.]

The grounds of the demurrer to the fourth, and other counts, were similar, or the same, with the additional grounds, that the contract sued on is not set out, and that neither the date of its making nor the date for its performance is shown.  There was nothing in any of these grounds of the demurrer.  The counts were each sufficient, and some where much fuller than was necessary.  The substance of each was that defendant bought from plaintiff an account evidenced and secured by a note and mortgage made by one Dow Johnson, and that he failed and refused to pay the purchase price.

The trial court erred in its oral charge to the jury, as to the measure of damages, in which it was said:

"If the jury should find a verdict for the plaintiff, the measure of damages would be the price agreed to be paid for the note and mortgage if a price was agreed upon, in controversy, with interest thereon from the time the contract was made by the defendant for the purchase of the note and mortgage up to the time of trial."

This instruction was correct as applied to count 2, and to one phase of the evidence that there was a completed sale of the note and mortgage except as to the payment of the purchase price; but it was incorrect as applied to count 3, and to that phase of the evidence which tended to show that the plaintiff never parted with the title to the note and mortgage, but asserted title thereto, after the contract to purchase.  Counts 3 and 4 proceeded upon the theory that the plaintiff never parted with the title to the note and mortgage for the reason that the defendant failed to perform his part of the contract or agreement to purchase; that is, these counts sought to recover the damages which the plaintiff suffered on account of the defendant's failure to comply with his contract to purchase.  In fact, these

counts proceed upon the theory that the title to the note and mortgage is still in plaintiff, because defendant failed and refused to accept the note and mortgage and to pay the purchase price. Under these counts the measure of damages was not necessarily the agreed price to be paid therefor, but the damages which the plaintiff suffered in consequence of the defendant's alleged breach of contract. The plaintiff might have collected, or been able to collect, the full amount of the note, which was more than $400, from Dow Johnson, or might have sold the same to some other person for what the defendant agreed to pay, or for more or less; that is to say, there was no fixed amount which the plaintiff was entitled to recover under these two counts, as there was under count 2. The damages might have been nominal only, under counts 3 and 4, and hence it was error to direct the jury, as the court did in the oral charge, that the jury, if they found for the plaintiff, must find for the fixed amount promised to be paid, or claimed to be promised, with interest thereon.

There was alleged and proven a sufficient consideration to support the sale and the promise of the defendant, if the jury believed the plaintiff's evidence.

The contract of sale was not within the statute of frauds; there was no promise to answer for the debt, default or miscarriage of another. The plaintiff's evidence, if believed, showed a straight-out sale of the account due the plaintiff from Dow Johnson, which account was evidenced by a note and mortgage. It is true that the contract of sale was at first conditioned upon Dow Johnson's moving onto the defendant's place and being allowed to carry the mortgaged property thereupon, but after this condition happened the contract became absolute; and, if the plaintiff's evidence is to be believed, the defendant requested time in which to pay the pur-

chase price, $290, agreeing to pay interest if the time was extended, and the plaintiff so agreed. The consideration moving to plaintiff was the ownership of the account, note, and mortgage. The account, note, and mortgage were not delivered or transferred to the defendant, but this of course was not to be done until he paid for them.

The defendant denied in toto the contract of sale or purchase by him of the account, note, and mortgage, or that he requested or obtained an extension of the time of payment, or agreed to pay interest, or that he ever promised to pay the amount of $290, or any other amount. The plaintiff's and the defendant's evidence was in irreconciliable conflict as to the whole matter, sale or no sale. The defendant's evidence other than his own tended to show that there was no sale and no promise on his part to pay, that the debt was all the while carried by the plaintiff against Dow Johnson, and that plaintiff endeavored to collect it from Johnson, and was not looking to defendant to pay it; while he himself, as a witness, denied ever purchasing the account, note, or mortgage, or ever agreeing to pay anything on account of the matter. This conflict, of course, made it a question for the jury; and the court properly declined to instruct the jury, if they believed the evidence, to find for the defendant.

Mr. Ely, a witness for the plaintiff, and who claims to have made the trade with the defendant, was several times examined and cross-examined, and we will here give what he testifies to as being the substance of the transaction:

"I will repeat the conversation had with Mr. Norman about permitting Johnson to remove the property that the Bullock County Bank had a mortgage on to his place; Mr. Norman came in the bank and asked me the

amount of Dow Johnson's account, and I went in the bank and got the mortgage and account book and told him what it was and showed him the mortgage, and he asked me what I would take for it, and I told him we would take $290, and he remarked, 'I am trying to get Dow Johnson to go down on my place, and if he does I will take it up.' The next conversation I had with him was when he came to the bank to get a check cashed, and after he had received the money, I remarked to him, 'Mr. Norman, what about the Dow Johnson account?' and he said, 'The negro has moved on my place, and I will pay you the $290, but, if you will let it run until fall I will pay it, and will pay you 8 per cent. interest on it.' Nothing was said about the property included in the mortgage being removed to Mr. Norman's place; it wasn't mentioned in those two conversations at all; he just made the remark that if the negro would move on his place he would pay the account, and in subsequent conversation he told me the negro had moved on his place, and that he would pay the account, that is, the $290; that is exactly the conversation, etc."

If this evidence be true, the plaintiff was entitled to recover the $290, and interest from the time he promised to pay. It is true that this agreement was positively denied by the defendant, which, of course, made it a question of fact for the jury, and not of law for the court.

The requested charges of defendant were properly refused. They each go upon the theory that the plaintiff was suing on a promise of the defendant to pay the debt of Dow Johnson, and that, in order to recover, the plaintiff must have released Dow Johnson entirely. That is not the true theory of the case. Plaintiff's case was that it sold or contracted to sell the account, note, and mortgage against Dow Johnson, amounting to $466, to

the defendant for $290, just as it might have sold or contracted to sell him any other personal property or chose in action by a verbal contract. While it was a circumstance for the consideration of the jury, that the plaintiff endeavored to collect the account from Dow Johnson after it claimed to have sold it to the defendant, yet this would not defeat a recovery in this action, under count 3 or count 4, if the jury believed that the sale or the contract to sell was made as testified to by the witness Ely.

For the error pointed out the judgment must be reversed, and the cause remanded.

Reversed and remanded. All the Justices concur in the reversal.